**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RANDALL S. LEFEVRE,

       Petitioner,

v.                                  Case No. 03-CV-71792-DT

HUGH WOLFENBARGER,

       Respondent.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND**
**DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On October 21, 2003, the court referred to United States Magistrate Judge Paul J. Komives Petitioner Randall S. LeFevre's May 29, 2003 petition for a writ of habeas corpus under 28 U.S.C. § 2254 for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  The magistrate judge issued his report and recommendation on March 29, 2005, concluding that this court should deny Petitioner habeas relief.  Petitioner filed thirteen objections to the report and recommendation on May 2, 2005 and Responded filed a written response to these objections on May 19, 2005.  For the reasons set forth below, the court rejects Petitioner's objections, adopts the March 29, 2005 report and recommendation, and denies the petition for a writ of habeas corpus.

**I.  BACKGROUND**

Petitioner is a state prisoner currently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan.  On April 29, 1999, following a jury trial where Petitioner elected to represent himself with standby counsel appointed by the state trial court, he was convicted of assault with intent to commit great bodily harm less than murder in violation of

Mich. Comp. Laws § 750.84, carjacking in violation of Mich. Comp. Laws § 750.529a, and possession of a firearm during the commission of a felony in violation of Mich. Comp. Laws § 750.227b.  The state trial court sentenced Petitioner on May 24, 1999 as a second habitual offender under Mich. Comp. Laws § 769.10.

On direct appeal, the Michigan Court of Appeals affirmed his conviction and sentence on July 24, 2001, *see People v. LeFevre*, No. 221296, 2001 WL 832987 (Mich. Ct. App. July 24, 2001), and the Michigan Supreme Court subsequently denied his application for leave to appeal.  *People v. LeFevre*, 643 N.W.2d 576 (Mich. 2002). Petitioner then filed his May 29, 2003 application for a writ of habeas corpus under 28 U.S.C. § 2254.  Respondent filed its answer on December 5, 2003 and Petitioner filed an amended brief in support of his petition on February 6, 2004.

## II.  STANDARDS

### A.  Habeas Relief Pursuant to 28 U.S.C. § 2254

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

2:03-cv-71792-RHC-PJK    Doc # 41    Filed 06/21/05    Pg 3 of 16    Pg ID 903

28 U.S.C. §2254(d).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the United States Supreme Court

undertook a detailed analysis of the correct standard of review under the AEDPA.

According to the Court:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied – the state-court adjudication resulted in a decision
> that (1) "was contrary to . . . clearly established Federal law, as determined
> by the Supreme Court of the United States," or (2) "involved an unreasonable
> application of . . . clearly established Federal law, as determined by the
> Supreme Court of the United States." Under the "contrary to" clause, a
> federal habeas court may grant the writ if the state court arrives at a
> conclusion opposite to that reached by this Court on a question of law or if
> the state court decides a case differently than this Court has on a set of
> materially indistinguishable facts. Under the "unreasonable application"
> clause, a federal habeas court may grant the writ if the state court identifies
> the correct governing principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

*Id.* at 412-13 (O'Connor, J., delivering the opinion of the Court on this issue).

In evaluating a state court decision under the "unreasonable application" clause, the

Supreme Court further stated that a federal habeas court "should ask whether the state

court's application of clearly established federal law was objectively unreasonable." *Id.* at

411. "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court

may not issue the writ simply because the court concludes in its independent judgment

that the relevant state-court decision applied clearly established federal law erroneously or

incorrectly. Rather, that application must also be unreasonable." *Id.*

The Supreme Court also clarified that the phrase "clearly established Federal law,

as determined by the Supreme Court of the United States, "refers to the holdings, as

opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant

state-court decision." *Id.* at 412. In determining what constitutes clearly established

3

federal law, therefore, a federal habeas court must look to pertinent United States Supreme Court precedent.

Lastly, the AEDPA requires that this court presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### B.  Review of Reports and Recommendations

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1); *Bankston v. Commissioner of Soc. Sec.,* 127 F. Supp. 2d 820, 823 (E.D. Mich. 2000). The court may receive further evidence if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context.

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district

4

court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case.  The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A general objection to the magistrate's report has the same effect as a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.  The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks.  The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### III.  DISCUSSION

### A.  The Report and Recommendation

The magistrate judge issued a comprehensive report and recommendation on March 29, 2005, suggesting that the court reject Petitioner's claims for habeas relief. Petitioner asserts two claims.  The first is based on his contention that he was denied the opportunity to present a meaningful defense.  The second is based on alleged

5

prosecutorial misconduct.

With regard to his first claim, the magistrate judge correctly noted that Petitioner represented himself at trial with the assistance of standby counsel and he does not argue that his waiver of his Sixth Amendment right to counsel was defective.  *See Faretta v. California*, 422 U.S. 806, 835 (1975); *see also United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970) ("The right to defend pro se and the right to counsel have been aptly described as 'two faces of the same coin,' in that the waiver of one right constitutes a correlative assertion of the other.") (internal citations omitted).

After concluding that there was no dispute on the validity of Petitioner's wavier of his right to counsel under *Faretta*, the magistrate judge found that Petitioner's arguments that he was denied an opportunity to prepare a defense in violation of his Sixth and Fourteenth Amendment rights lacked merit.

First, the magistrate judge examined Petitioner's contention that he was denied his right to self-representation because he had only limited access to legal materials during his pre-trial incarceration.  Relying in large part on the Sixth Circuit's decision in *United States v. Smith*, the magistrate judge noted that when a defendant elects to represent himself rather than accept appointed counsel, he does not have a right to access to a law library. 907 F.2d 42, 44-45 (6th Cir. 1990) (rejecting argument that *Bounds v. Smith,* 430 U.S. 817 (1977), a § 1983 action, and *Faretta* mandate that a criminal defendant who waives his right to counsel be given access to an adequate law library to satisfy his constitutional right of access to the courts); *see also  United States v. Kincaide*, 145 F.3d 771, 778 (6th Cir. 1998) ("We have held on several occasions that 'the state does not have to provide access to a law library to defendants in criminal trials who

6

wish to represent themselves.'" (quoting United *States v. Smith,* 907 F.2d 42, 45 (6th Cir.1990)); *United States v. Byrd*, 208 F.3d 592, 593 (7th Cir. 2000) ("[W]hen a person is offered appointed counsel but chooses instead to represent himself, he does not have a right of access to a law library.  The rule is that he has the right to legal help through appointed counsel, and when he declines that help, other alternative rights, like access to a law library, do not spring up.") (citation omitted).

Next, the magistrate judge considered Petitioner's discovery and expert witness claims as they related to his first claim for habeas relief.  Petitioner argues that he was denied an opportunity to present a meaningful defense based on belated disclosure of certain discovery items and by the trial court's failure to provide him with a ballistics expert, a vehicle expert, a private investigator, and a jury consultant.  The magistrate judge determined first that Petitioner's attempts to portray his discovery and expert witness claims as self-representation claims were unavailing because these arguments did not implicate Petitioner's Sixth Amendment right to represent himself.  *See United States v. Flewitt*, 874 F.2d 669 675 (9th Cir. 1989) ("A defendant who knowingly and intelligently assumes the risks of conducting his own defense is entitled to no greater rights than a litigant represented by counsel.").

Alternatively, the magistrate judge recommends that Petitioner's discovery and expert self representation claims should be denied because they fail on their merits.  (R&R at 11.)  The magistrate judge noted that there is no general constitutional right to discovery in a criminal case, *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977), and found that Petitioner had failed to establish the requirements necessary to establish a *Brady* violation. *See Brady v. Maryland*, 373 U.S. 83 (1963) ("the suppression by the prosecution of

evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of good faith or bad faith of the prosecution").

To make out a *Brady* violation, a defendant must show: (1) that the evidence at issue was exculpatory, that is, favorable to the accused; (2) that the evidence was material, so that there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different; and (3) that the evidence that was suppressed was known to the prosecution but unknown to the defense at the time of trial. *Payne v. Bell*, 399 F.3d 768, 785 (6th Cir. 2005).

The magistrate judge explained that "[n]owhere in his petition or brief does petitioner describe what exculpatory, material information was contained in the allegedly suppressed material, or how the disclosure of that evidence would have affected his trial." (R&R at 13.) Without evidence of *Brady* violations, the magistrate judge held that the mere violation of a state court's discovery order is insufficient to warrant habeas relief. *See Biddy v. Diamond*, 516 F.2d 118, 124 (5th Cir. 1975).

Next, the magistrate judge found that Petitioner had failed to identify clearly established federal law entitling him to independent experts such as a ballistics expert, vehicle expert, private investigator, or jury consultant. While the Supreme Court has ruled that a defendant is entitled to a competent psychiatrist when a defendant demonstrates to the court that his sanity at the time of the offense will be a significant factor at trial, *Ake v. Oklahoma*, 470 U.S. 477, 83 (1985), the Court has not extended this holding to the types of experts identified by Petitioner and federal law regarding appointment of these experts is not clearly established as required under 28 U.S.C. § 2254(d)(1). (*See* R&R at 15.) The

8

magistrate judge recommends denying habeas relief on this basis because federal law was not clearly established at the time of Petitioner's conviction.

Finally, with respect to Petitioner's self representation claim, the magistrate judge concluded that Petitioner's claims of ineffective assistance of his standby counsel should be rejected by the court. Petitioner suggests that his standby counsel was ineffective because he did not meet with Petitioner until shortly before trial, did not conduct adequate legal research on Petitioner's behalf, and failed to provide discovery turned over by the prosecution until shortly prior or during trial.

There is, however, no constitutional right to the appointment of standby counsel when a defendant elects to represent himself, nor is there a right to "hybrid" or joint representation by a defendant and his standby counsel. *United States v. Cromer*, 389 F.3d 662, 681 n.12 (6th Cir. 2004 ) ("It is well settled that there is no constitutional right to hybrid representation."). Without a constitutional right to counsel, there can be no ineffective assistance claim. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

Likewise, the magistrate judge recommends rejecting Petitioner's second claim for habeas relief. (R&R at 16.) This recommendation is based on a finding that Petitioner's claims of prosecutorial misconduct were procedurally defaulted.

For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. *Warner v. United States*, 975 F.2d 1207, 1213-14 (6th Cir. 1992), *cert. denied*, 507 U.S. 932 (1993). Additionally, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. *Coleman v. Thompson*,

9

501 U.S. 722, 735-36 (1991).  If a state court clearly and expressly relied on a state procedural rule as a basis for rejecting the defendant's claims, habeas review of these claims are barred absent a showing of either cause and prejudice or a fundamental miscarriage of justice.  *See Engle v. Isaac*, 456 U.S. 107, 125-29 (1982).

Petitioner challenges several of the prosecutor's statements made during closing argument, but failed to object to these comments during trial.  The Michigan Court of Appeals declined to consider the merits of these claims on this procedural basis.  *See LeFevre*, 2001 WL 832987 at *2.  Based on Michigan's firmly established contemporaneous objection rule and Petitioner's inability to establish cause and prejudice or to show a fundamental miscarriage of justice, the magistrate judge recommends denying habeas relief as to Petitioner's second claim.

Petitioner has filed thirteen objections and Respondent has filed a written response to these objections.  As discussed below, the court finds that the objections are without merit.

### B.  Objections

### Objection #1

In his first objection, Petitioner states that the report and recommendation's procedural history "fails to list petitioner's [Michigan Court of Appeals] motion for reconsideration which was denied on September 17, 2001."  (Pet'r's Objections at 6.) He claims that this omission is important "where a pattern has emerged to sweep [the facts] under the rug."  (*Id.*)

The court finds that this objection is of no consequence to the magistrate judge's analysis and Petitioner fails to identify any part of the analysis that would be impacted if this additional fact was included in the procedural history section.

**Objection #2**

In his second objection, Petitioner takes issue with the report and recommendation's failure to consider "the fact that [his] stand-by counsel's inactions overpowered [his] strategic decisions to prepare and present his defense in a manner of his own choosing consistent with state law and the 6th and 14th Amendments of the constitution."  (*Id.* at 7.)

Petitioner, however, does not challenge the waiver of his right to counsel under the Sixth Amendment.  By waiving his right to counsel, he is not entitled to relief for the ineffectiveness of standby counsel.  *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (because there was no right to counsel state post-conviction proceedings, no ineffective assistance of counsel claim existed).  Whether Petitioner alleges that his standby counsel failed to turn over discovery or overpowered his strategic decisions is of no consequence because the right to counsel was waived.

**Objection #3**

In his third objection, Petitioner argues that the magistrate judge unfairly separated his self-representation claim for habeas relief into three parts for analysis.  Specifically, the report and recommendation examines (1) his "Access to Legal Materials" argument, (2) his "Discovery/Experts" arguments, and (3) his "Ineffective Assistance of Standby Counsel" arguments.  (R&R at 7-11.)

11

The court rejects this objection because there exists absolutely no error in the structured analysis of Petitioner's claim. None of his three arguments have merit, rendering unpersuasive his claim that all three arguments taken together establish a denial of his right to self-representation.

### Objection #4

In his fourth objection, Petitioner cites *United States v. Smith*, 907 F.2d 42 (6th Cir. 1990) and argues that even if he is not entitled to access to an adequate law library, he is entitled "to some form of assistance to protect his right to self-representation." (Pet'r's Obj. at 8.) This argument misses the mark, however, because there is no constitutional right to hybrid representation, *see Cromer*, 389 F.3d at 681 n.12, and he waived his Sixth Amendment right to have counsel represent him in favor of representing himself. Under *Smith*, which is controlling on this issue, he was not entitled to any greater access to legal materials than represented defendants. *Smith*, 907 F.2d at 45 (*"Faretta* acknowledges that principles of due process are not violated when a defendant waives his right to counsel, even though by doing so he destroys any meaningful access to the court that he may have had.").

### Objection #5

This objection is a repackaged argument that he was denied his self-representation right because he was not provided adequate access to a law library or any assistance of standby counsel until four days before trial. Again, this argument fails to account for his waiver of his right to counsel and the potentially negative impacts that electing to proceed pro se may create. Objection #5 is without merit.

### Objection #6

12

Next, Petitioner claims that the magistrate judge overlooked his argument that he was denied his right to self-representation "where the trial court delegated motion filing authority to standby counsel, and failed to issue orders on written motions [filed] by [Petitioner]."  (Pet'r's Obj. at 11.)

Review of the April 26, 1999 trial transcript, however, shows that this argument lacks merit.  As the following colloquy reveals, the trial court did not indicate that it would consider only Petitioner's motions filed by his standby counsel nor did it refuse to rule on Petitioner's *pro se* motions.

> THE COURT:  I want to ask you at this time, then, are you sure and positive that you wish to represent yourself?
>
> DEFENDANT LEFEVRE: At the time that I said yes, I was sure and positive.  I believe that in representing myself, I was under the notion that I would be able to do the things on my behalf that I feel an attorney should do.  However, once I did take the initiative to represent myself, I was bombarded with different things.
> As far as Mr. Braxton here being my stand-by counsel, and part of him being my stand-by counsel was that I was denied access to the court, properly, myself.  I had to rely upon solely him to access the court.  The motions and things that I wrote that would aid my defense have gone unheard and unresponded to.
>
> THE COURT: Mr. LeFevre, let me address that.
>
> First of all, that is not true.  The court has received motions from you and has addressed them on the record.  To your motions, however, the problem with your motions again, although some of them have some reference to the law in them, there has to be a legal basis for the court to grant any motion.  And your motions were without a legal basis of fact, or support in facts.  And in law, that is needed for the court to grant your motion.  For that reason, the court recommended to you that you use the assistance of standby counsel who was assigned to help you, in order that your motions may be heard and may be – if there was some legal basis that you missed, counsel could assist you with that.

(4/26/99 Transcript at 6-7.)

**Objection #7**

13

In his seventh objection, Petitioner argues that his case is distinguishable from *United States v. Flewitt*, 874 F.2d 669 (9th Cir. 1989).  The magistrate judge cited *Flewitt* for the legal point that "[a] defendant who knowingly and intelligently assumes the risk of conducting his own defense is entitled to no greater rights than a litigant represented by counsel."  *Flewitt*, 874 F.2d at 675; (R&R at 10.)  This court finds no error in relying on *Flewitt* to support the conclusion reached in the report and recommendation and rejects this objection.

**Objection #8**

This objection also lacks merit.  Petitioner argues again that his allegations of ineffective assistance of his standby counsel are violations of his right to self-representation.  The magistrate judge correctly stated the law; "[w]here there is no constitutional right to counsel there can be no deprivation of effective assistance."  (R&R at 11 (quoting *Coleman*, 501 U.S. at 752).)

**Objection #9**

Here, Petitioner merely states that he "does contend he was denied an opportunity to present a meaningful defense by the belated disclosure of certain discovery items and the failure to disclose other items."  (Pet'r's Objections at 14.)  This objection, however, is inadequate as it fails to explain or identify any error in the magistrate judge's analysis regarding Petitioner's discovery claims and it overlooks his failure to establish a *Brady* violation of his due process rights.

**Objection #10**

In his tenth objection, Petitioner attempts to present his case for why the allegedly suppressed discovery and evidence had exculpatory value in his case.  He, however,

14

failed to make this argument on direct appeal rendering his belated attempt to show the exculpatory nature of the evidence unavailing.

"It is well settled that 'federal courts do not have jurisdiction to consider a claim in a *habeas* petition that was not fairly presented to the state courts.'" *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001) (quoting *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir.2000))  "A claim may only be considered 'fairly presented' if the petitioner asserted both the factual and legal basis for his claim to the state courts." *McMeans*, 228 F.3d at 681.

The Michigan Court of Appeals denied relief on Petitioner's claim, explaining:

> Defendant further contends that he was unable to prepare a meaningful defense because he did not receive his preliminary examination transcript until three days before trial and did not receive a one-hundred page medical report and ballistics evidence until the second day of trial. Although defendant contends that "there may have been a number of arguments" that he could have developed based on this evidence if he had received it sooner, he does not indicate what arguments he was precluded from making because of the tardy production of the requested evidence. Again, because defendant has not shown that his ability to prepare a defense was prejudiced in any regard by the last-minute receipt of this evidence, he is not entitled to a new trial.

*People v. LeFevre*, 2001 WL 832987, at*2 (Mich. Ct. App. July 24, 2001).

### Objection #11

This objection lacks specificity and is summarily rejected.

### Objection #12

In his twelve objection, Petitioner takes issue with the magistrate judge's conclusion that no clearly established federal law established his entitlement to a ballistics expert, a vehicle expert, a private investigator, and a jury consult.  The magistrate judge correctly stated that the Supreme Court has not extended it holding in *Ake v. Oklahoma*, 470 U.S. 63, 68 (1985) to require states to provide indigent defendants with access to expert assistance beyond psychiatric examination *when* the defendant's sanity is at issue.

15

Accordingly, the state court's determination that Petitioner failed to provide a factual basis for the requested expert assistance was not contrary to or an unreasonable application of clearly established federal law warranting habeas relief under 28 U.S.C. § 2254(d)(1).

### Objection #13

Finally, Petitioner objects to the recommendation that his prosecutorial misconduct claims were procedural defaulted.  He argues that because he presented these claims to the Michigan courts on direct appeal, his claims are not procedurally defaulted.  This objection, however, lacks merit because he does not dispute that he failed to object to the comments made by the prosecutor at trial.  Michigan's contemporaneous objection rule was the procedural bar invoked by the Michigan Court of Appeals.

### IV.  CONCLUSION

IT IS ORDERED that Petitioner's May 29, 2003 petition for a writ of habeas corpus [Dkt. # 2] is DENIED.

  S/Robert H. Cleland_____
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated:  June 21, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 21, 2005, by electronic and/or ordinary mail.

  S/Lisa G. Teets_____
Case Manager and Deputy Clerk
(313) 234-5522