# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RANDALL S. LEFEVRE,

          Petitioner,

v.

                                  Case No. 03-CV-71792-DT

HUGH WOLFENBARGER,

          Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY AND GRANTING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

On June 21, 2005, the court issued an order denying Petitioner's application for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  Petitioner has now filed a motion for a certificate of appealability and an application to proceed *in forma pauperis*. For the following reasons**,** the court will deny Petitioner's motion for a certificate of appealability and will grant Petitioner's application to proceed *in forma pauperis.*

### I.  THE CERTIFICATE OF APPEALABILITY

#### A.  Standard of Review

28 U.S.C. § 2253(c)(1)(A) and Fed. R. App. P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability is issued either by a circuit court or district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability

shall not issue.  Fed. R. App. P. 22(b).  A district court is to set forth in its order all of the issues that the petitioner raised in the habeas action and identify those issues, if any, that the district court is certifying for appeal.  *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*

In order to obtain a certificate of appealability, a habeas petitioner need not show that his or her appeal will succeed.  *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003).  The Supreme Court's holding in *Slack v. McDaniel* "would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail.  It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief."  *Id.*  A habeas petitioner is not required to prove, before obtaining a COA, that some jurists would grant the petition for habeas corpus. *Id.* at 338.  However, "the issuance of a COA must not be *pro forma* or a matter of course" and a habeas petitioner who seeks the issuance of a COA must show more than the absence of frivolity or the presence of good faith on his or her part

2

in order to obtain a COA. *Id.* at 337-38.  Therefore, the mere fact that Petitioner claims

that his appeal is not frivolous and is being undertaken in good faith would not entitle

him to a certificate of appealability.  *Miller-El v. Cockrell,* 537 U.S. at 338; *United States*

*v. Mikels,* 236 F.3d 550, 551 (9th Cir. 2001); *Lohr v. United States,* 336 F. Supp. 2d

930, 932 (D. Minn. 2004).

### B. The Individual Claims

### 1. Claim 1 - Denial of Opportunity to Present a Meaningful Defense/Self-Representation Claim.

In his petition for habeas corpus, Petitioner first argued that he was denied his

right to self-representation and an opportunity to present a meaningful defense because

he had limited access to certain legal materials, including law libraries, for the purposes

of conducting legal research.  Petitioner further asserted that his standby counsel did

not provide him with discovery materials nor did he conduct adequate legal research or

file motions on Petitioner's behalf in a timely manner.  Petitioner finally contended that

he was denied an opportunity to present a meaningful defense due to the belated

disclosure of certain discovery items by the prosecution and by the court's refusal to

provide him with various expert witnesses and a jury consultant.

The court, relying on *United States v. Kincaide*, 145 F.3d 771 (6th Cir. 1998), and

*United States v. Smith*, 907 F2d 42 (6th Cir. 1990), determined that a defendant who

has elected to represent himself does not have a right of access to a law library.  In the

present case, Petitioner in fact did have access to a law library; the crux of his

argument, therefore, is that he did not have enough access to the law library.  Given

that precedent dictates that a self-representing defendant is not entitled to any access

3

to a law library at all, it is fallacious to assert that once the privilege of access to a law library is given, a constitutional right to a certain amount of hours in the law library arises.  Thus, the court finds that reasonable jurists would not disagree with this conclusion to deny habeas relief on this claim.

Reasonable jurists would also not disagree with the court's rejection of Petitioner's claim that he was denied an opportunity to provide a meaningful defense due to the failure of his standby counsel to provide him with discovery materials, conduct adequate legal research, or file motions on his behalf.  The court rejected this claim primarily because Petitioner was not constitutionally entitled to the help of state-appointed standby counsel.  *United States v. Cromer*, 389 F.3d 662.  Petitioner elected to represent himself, and as a result, he waived his right to state-appointed counsel.  Defendants who choose to waive their right to counsel and to represent themselves do not then enjoy a new constitutional right to have standby counsel.  As a result, Petitioner cannot claim that he was denied an opportunity to provide a meaningful defense due to the ineffective assistance of his standby counsel when he enjoyed no constitutional right to the standby counsel in the first place.  *(See* 6/21/05 order at 11-12.)

Lastly, the court denied Petitioner's claim that he was denied an opportunity to provide a meaningful defense due to the delayed disclosure of certain discovery items and due to the trial court's refusal to appoint expert witnesses. The court denied his claim because Petitioner could not show any federal law entitling him to discovery and independent experts.  The court noted that *Wetherford v. Bursey*, 429 U.S. 545, 559 (1977), established that there is no general constitutional right to discovery in a criminal case.  (*See* 6/21/05 order at 7.)  The main exception to this rule, found in *Brady v.*

4

*Maryland*, 373 U.S. 83 (1963), provides that a defendant's due process rights are violated if the prosecution suppresses material evidence that is favorable to the defendant.  Petitioner, however, did not produce any evidence indicating exactly what exculpatory information was kept from him or how such evidence would affect his trial. Absent a *Brady* violation, the court held that Petitioner was not entitled to habeas relief. Furthermore, in regards to Petitioner's request for independent expert witnesses, the court pointed out that there is no clearly established federal law granting Petitioner the right to court-appointed expert witnesses of the type he was requesting.  Petitioner also failed to show that the inclusion of independent experts is pivotal to his defense and the outcome of the case.

A certificate of appealability should not be issued in regards to Petitioner's claim that he was denied an opportunity to present a meaningful defense because reasonable jurists would not disagree with any of the court's findings.

### 2. Claim 2 - Prosecutorial Misconduct

In his second habeas claim, Petitioner asserted that statements made by the prosecutor during closing arguments were tantamount to prosecutorial misconduct because the statements insinuated that Petitioner was a liar.

The court dismissed Petitioner's claim as a basis for habeas relief because the claim was procedurally defaulted.  Petitioner failed to object to the prosecutor's statements at trial, and the Michigan Court of Appeals refused to consider the merits of his claim on this procedural basis.  Because Petitioner failed to comply with the firmly established contemporaneous objections rule, his claim is barred.  Petitioner further offered no evidence to establish cause and prejudice or to show a fundamental

5

miscarriage of justice. A certificate of appealability should not be issued because reasonable jurists would not debate the court's resolution of this issue.[1]

## II. PETITIONER'S MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner has also filed an "Application to Proceed *In Forma Pauperis*." Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. In order for an appeal to be taken *in forma pauperis,* the appeal must be made in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *United States v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). An appeal is in good faith if a reasonable person could determine that the appeal has some veracity. *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). Petitioner asserts that he is indigent and that his appeal is taken in good faith. Although the court finds that a certificate of appealability should be denied, an appeal in this case may be made in good faith. Accordingly, the court shall grant Petitioner's request to proceed without prepayment of fees or costs.

## III. CONCLUSION

IT IS ORDERED that the "Motion for Certificate of Appealability" [Dkt. # 44] is DENIED.

---

[1]In his motion for a certificate of appealability, Petitioner also complains that a motion he filed on April 6, 2005, was never resolved. Petitioner now moves for the same relief, a stay of the action, that he requested in the April 6, 2005 motion. The court first notes that Petitioner's April 6, 2005, motion was filed after the issuance of the magistrate judge's report and recommendation. When this court adopted the report and recommendation, the April 6, 2005, motion was automatically terminated as moot. Moreover, Petitioner is not entitled to the relief requested either in the April 6, 2005 motion or reasserted in the instant motion for certificate of appealability.

IT IS FURTHER ORDERED that the "Motion to Proceed Without Payment of Filing Fees" [Dkt. # 47] is GRANTED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 17, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2005, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Even Orders\03-71792.LEFEVRE.COA.2254.TI.wpd